J-S15015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRIAN VASQUEZ :
:
Appellant : No. 1237 MDA 2020

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000962-2015

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.: **FILED: AUGUST 19, 2021**

Brian Vasquez appeals from the order, entered in the Court of Common

Pleas of Dauphin County, dismissing as untimely his petition filed pursuant to

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon

review, we affirm.

The PCRA court set forth the history of this case as follows:

On February 12, 2018, [Vasquez pled] guilty to indecent assault[,
18 Pa.C.S.A. § 3126(a)(1)] and corruption of minors[, 18
Pa.C.S.A. § 6301(a)(1)(ii). T]he remaining charges were
withdrawn by the Commonwealth as part of a negotiated plea
agreement. Sentencing was deferred to April 16, 2018[,] for an
evidence-based presentence risk assessment. On March 5, 2018,
[Vasquez pled] guilty to [accidents involving damage to attended
vehicle, failure to stop and render aid, and driving without a
license] at docket number CP-22-CR-003714-2017. Sentencing
was deferred [one day] to April [17, 2018,] to be consolidated
with the instant docket.

[I]mmediately prior to the scheduled sentencing, [Vasquez pled]
guilty to [possession of drug paraphernalia, driving without a
license, and three counts of driving under the influence] at docket

number CP-22-CR-0005473-2017. [Vasquez] was sentenced at the instant docket to an aggregate term of three (3) to twenty-three (23) months in Dauphin County Prison, followed by five (5) years of county probation. Based on the convictions, [Vasquez] is required to register as a Tier 1 sexual offender pursuant to the Sexual Offenders Registration and Notification Act ("SORNA"), 18 Pa.C.S.A. § 9799.10 *et. seq.* Time credit was applied from January 5, 2018 through March 5, 2018[,] and December 5[, 2014] through [December] 19, 2014. [Vasquez] was granted immediate parole.

[Vasquez]'s parole was revoked at Count 2 (indecent assault) and his probation revoked at Count 5 (corruption of minors) on July 15, 2019[,] for violating conditions of his parole. He was resent[enc]ed to serve his back time of seventeen (17) months, eighteen (18) days, followed by five (5) years of probation at Count 5 (corruption of minors). He was eligible for immediate parole upon an approved address. On December 9, 2019, [Vasquez]'s parole was again revoked at Count 2 (indecent assault) and he was resentenced to serve his back time of fifteen (15) months, twenty (20) days, [and the court deemed him to be] work release eligible. At Count 5, [Vasquez] was [] resentenced to five (5) years of probation consecutive to Count 2.

On January 3, 2020, [Vasquez] filed a *pro se* ["]motion [for] writ[] of habeas corpus[."] In his motion, [which the court treated as a PCRA petition, Vasquez] claimed ineffective assistance of counsel for coercing him into entering a plea of guilty, as well as challenging the validity of his guilty plea on February 12, 2018. Th[e PCRA c]ourt appointed Aaron Holt, Esquire[,] as PCRA counsel. On June 11, 2020[,] Attorney Holt filed a ["no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc)].

Trial Court Opinion, 7/13/20, at 1-3 (unnecessary capitalization omitted).

On July 13, 2020, the PCRA court issued its Pa.R.Crim.P 907 notice of intent to dismiss Vasquez's petition without a hearing and granted Attorney Holt's motion to withdraw. On August 19, 2020, the PCRA court dismissed Vasquez's petition as untimely, and on September 16, 2020, Vasquez timely

filed his *pro se* notice of appeal to this Court.[1] Vasquez raises the following issues for our review:

1. Did the PCRA court abuse[] its discretion [by] dismiss[ing Vasquez's petition] where it had jurisdiction to address the merits of the PCRA petition?

2. Was PCRA counsel ineffective for failing to thoroughly review the [] record pursuant to [**Turner** and **Finley**]?

3. Was PCRA counsel ineffective for failing to act with due diligence when as[s]erting that the petition was untimely and without merit although [the] petition has merit, and the court has jurisdiction to hear its claims?

4. Did the PCRA/trial judge abuse its discretion for not recusing himself knowing that he [h]as a conflict of interest?

5. Was [] PCRA counsel ineffective for failing to address [that] he [h]as a conflict of interest in the immediate case?

Brief of Appellant, at 11-12.

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018). We are bound by a PCRA court's credibility determinations, but with regard to a court's legal conclusions, we apply a *de novo* standard. **Id.** Before reaching the issues that Vasquez raises in his appellate brief, however, we must first ascertain whether the PCRA court correctly determined that his PCRA petition was untimely filed. **See Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa.

_____

[1] On September 25, 2020, Vasquez filed a *pro se* petition for immediate work release, which the trial court denied by order dated October 6, 2020.

2000) (PCRA time limit is jurisdictional; court may only review untimely petition if statutory exception applies).

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).[2]   A PCRA petition invoking one of these statutory exceptions must be filed within one year from the date the claim arises.  **See id.** at § 9545(b)(2).[3]  Under the PCRA, a judgment of sentence becomes final "at the conclusion of direct review, including

---

[2]   The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter.  **Id.** at § 3.  Here, Vasquez raises claims of ineffective assistance of counsel resulting in an invalid guilty plea entered on February 12, 2018.  Therefore, the one-year deadline applies.

discretionary review in the Supreme Court of the United States and the Supreme of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). "When a PCRA [petition] is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Shiloh*, 170 A.3d 553, 557 (Pa. Super. 2017).

Instantly, Vasquez's judgment of sentence became final on May 17, 2018, at the expiration of time for seeking review with this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Vasquez had until May 17, 2019, to timely file his PCRA petition. The instant petition, filed on January 3, 2020, is patently untimely. In order to review the substantive merits of his petition, Vasquez must plead and prove one of the three timeliness exceptions to the PCRA.

Vasquez first asserts that his petition is timely under the newly-discovered facts exception, codified at 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) [those facts] could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007); 42 Pa.C.S.A. § 9545(b)(1)(ii). Due diligence requires a petitioner to take reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Burton*, 121 A.3d

1063, 1071 (Pa. Super. 2015) (en banc). A petitioner must explain why he could not have learned the new fact(s) earlier by exercising due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). Additionally, the focus of this exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts. ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008).

Specifically, in his *pro se* PCRA petition, Vasquez argued the applicability of section 9545(b)(1)(ii) because, upon performing legal research on a prison-issued tablet, he "found that [his] constitutional rights . . . were not asserted [with] due diligence." *Pro Se* PCRA Petition, 12/27/19, at 3. In his appellate brief, Vasquez explains that he discovered "two recent cases [in which] the Supreme Court of Pennsylvania has indicated that PCRA petitioners can raise claims of '*per se*' ineffectiveness of trial counsel [as a newly-discovered fact]." Brief of Appellant, at 27 (citing ***Commonwealth v. Rosado***, 150 A.3d 425 (Pa. 2016) and ***Commonwealth v. Peterson***, 192 A.3d 1123 (Pa. 2018)).[4]

---

[4] ***See Rosado***, ***supra*** at 428-29 (filing of appellate brief that abandons all preserved issues in favor of unpreserved issues constitutes *per se* ineffectiveness and warrants remand for merits review; Court must distinguish between errors which *completely* foreclose appellate review, which constitute ineffectiveness *per* se, and those that only *partially* foreclose such review, which are subject to four-part analysis in ***Strickland v. Washington***, 466 U.S. 668 (1984) (emphasis in original)); ***see also Peterson***, ***supra*** at 1130-31 (where counsel filed PCRA petition one day late, precluding any merits or appellate review of petitioner's claims, and PCRA court made factual findings that petitioner neither knew of counsel's failure nor could have discovered it through reasonable diligence, section 9545(b)(1)(ii) permitted filing of PCRA petition beyond one-year time bar based on *per se* ineffectiveness; "the
*(Footnote Continued Next Page)*

It is well-settled that "decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011). Vasquez does not allege that he discovered any new facts about his case; he merely argues that he discovered case law suggesting certain petitioners may file a PCRA petition beyond the one-year time bar based on counsel's acts or omissions. We note, however, that the circumstances of this case are readily distinguishable from **Rosado** and **Peterson** where, here, unlike those cases, PCRA counsel did not commit a procedural misstep of which Vasquez was unaware that completely precluded review of his claims. Therefore, **Rosado** and **Peterson** are inapplicable, **see supra** at n.3, and the PCRA court properly determined that Vasquez failed to satisfy the newly-discovered fact exception to the PCRA's time bar.[5]

Lastly, Vasquez alleges his PCRA petition is timely under the governmental interference exception, codified at 42 Pa.C.S.A. § 9545(b)(1)(i). In his *pro se* PCRA petition, Vasquez claimed that:

> Probation officers told me [a] one way ticket back to Dauphin County Prison was sending anything to the judge[.] I was told [at] my revo[cation hearing] that I had a time limit[, s]o I asked [probation officers] for the address to the courthouse to send a

---

principle . . . that PCRA counsel's ineffectiveness cannot be advanced as a newly-discovered "fact" for purposes of . . . subsection 9545(b)(1)(ii) . . . has no application in cases where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims.")).

[5] Vasquez concedes that "a claim that counsel was ineffective will not save an untimely PCRA petition." Brief of Appellant, at 19, quoting **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

"PCRA" [petition]. I was scared of being sent back to [prison,] so I left it alone.

*Pro Se* PCRA Petition, 12/27/19, at 3.

Here, even if Vasquez's claim possessed substantive merit, he has failed to show how this interaction with probation officers resulted in any violation of the United States or Pennsylvania Constitutions or laws. Brief of Appellant, at 87-108; **see also** 42 Pa.C.S.A. § 9545(b)(1)(i) (governmental interference must violate United States or Pennsylvania Constitution or laws); **Commonwealth v. Puskar**, 951 A.2d 267, 293 (Pa. 2008) (appellant fails to satisfy governmental interference exception by failing to show conditions complained of were illegal). Furthermore, we agree with the PCRA court that where, as here, Vasquez admits in his *pro se* PCRA petition that he was aware of the PCRA's time bar when he spoke with the probation officers, **see** *Pro Se* PCRA Petition, 12/27/19, at 3, he has failed to offer "a reasonable explanation why, with the exercise of due diligence, he did not ascertain this alleged interference of government officials earlier **and seek redress**."[6] **See**

---

[6] Vasquez notes that he reached out to the Public Defender's office to discuss withdrawal of his guilty plea and the filing of a Rule 600 motion. **See** Brief of Appellant, at 89. However, there is no indication that he reached out to his family, to the Public Defender's Office, or to any attorney regarding the probation officer's alleged misstatement of his appellate rights. **See Rizvi**, **supra** at 349 (appellant failed to satisfy governmental interference exception to PCRA's time bar where he allowed one year to lapse before inquiring seriously about collateral appeal rights, never informed Department of Corrections personnel about any obstacles preventing him from understanding his appellate rights, and never attempted to contact family, friends, or lawyer to ask about any appellate rights at his disposal).

***Commonwealth v. Rizvi***, 166 A.3d 344, 349 (Pa. Super. 2017) (emphasis added).

Because Vasquez has failed to plead and prove any exception to the PCRA's time bar, the PCRA court did not have jurisdiction to consider his untimely PCRA petition. ***Murray***, ***supra***. Thus, the PCRA court correctly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/19/2021